UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 11-00148 JVS | | | | Date | May 9, 2018 |
|---|---|---|---|---|---|---|

Present: The Honorable **James V. Selna**

Interpreter   Not Present

| Karla J. Tunis | NOT PRESENT | NOT PRESENT |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 24. Suzie Rodriguez | NOT | | X | Davina Chen | NOT | | X |

Proceedings:   **(IN CHAMBERS )**
**Order Denying Defendant's Renewed Motion for Bail Pending Appeal**

      Defendant Susan Jeanette Rodriguez ("Rodriguez") has presented a Renewed Motion for Bail Pending Appeal. (Docket No. 1865.) The Government has filed an opposition (Docket No. 1880), and Rodriguez has replied (Docket No. 1881).

      This Motion does not come to the Court on a clean slate. On September 7, 2016, through present counsel, Rodriguez filed an *ex parte* application for release on bond pending appeal. (Docket No. 1669.) The showing consisted of a 24-page memorandum and 230 pages of exhibits. The Government opposed the application with an over-length brief (55 pages) (Docket No. 1730), for which relief was granted. (Docket Nos. 1731, 1732.) Rodriguez sought to file an over length reply (60 pages including exhibits) (Docket No. 1770), for which relief was granted. (Docket No. 1771, 1776).

      It cannot be said that either Rodriguez or the Government failed to give full attention to issue of bail while the matter is on appeal.

      The Court denied the application. (Docket No. 1819.) Despite the availability of an appeal, Rodriguez did not appeal. (F.R.A.P. 4(b)(1)(A)(i), 9(b).)

      The present motion is not a "renewal" but a motion for reconsideration. The Local Rules limit the scope of reconsideration:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.[1] The Court has discretion in determining whether to grant a motion for reconsideration. See Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

The present Motion presents a 25-page memorandum and 224 pages of exhibits. Despite the volume, there is nothing new or which could not have been presented on the original application, and counsel does not argue to the contrary. Indeed, the record closed with the return of the verdict on January 13, 2016 and entry of the Judgment on June 7, 2016. (Docket Nos. 1503, p. 5; 1596.) Counsel's only explanation is that counsel "has identified additional substantial issues for appeal," and that time has elapsed increasing the chance that she would have completed her sentence by the time the appeal is resolved if she obtains a favorable result. (Motion, p. 1.) There is no basis for reconsideration.

The Court finds that its earlier analysis, a copy of which is attached hereto, remains valid, and declines to reconsider its earlier ruling. The Motion is denied.

The Court further finds that oral argument would not be helpful on this matter and vacates the May 21, 2018 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | kjt |

---

[1] The Local Criminal Rules adopt the Local Civil Rules where pertinent. (Local Rule 7-18, adopted by Local Criminal Rule 57-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACR 11-00148 JVS | Date | May 11, 2017 |

Present: The Honorable **James V. Selna**

Interpreter   Not Present

| Karla J. Tunis | NOT PRESENT | NOT PRESENT |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 24. Suzie Rodriguez | NOT | | X | Davina Chen | NOT | | X |

Proceedings:    **(IN CHAMBERS )**
**Order Denying Defendant's Application for Bond on Appeal**

On June 7, 2016, defendant Susan Jeanette Rodriguez ("Rodriguez") was sentenced to 78 month in the custody of the Bureau of Prisons on Count 1 of the Second Superseding Indictment for violation of 18 U.S.C. § l962(d), conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and Count 2 for violating 18 U.S.C. § 1959(d), conspiracy to violate the Violent Crimes in Aid of Racketeering Act ("VICAR"). Shortly thereafter, Rodriguez was remanded to custody. Rodriguez has applied for release on bond pending appeal. (Docket No. 1669.) The Government opposes the application (Docket No. 1730), and Rodriguez has replied (Docket No. 1770).

For the reasons set forth below, the Application is denied.

I.    Background.

On June 29, 2011, the United States filed a sealed three-count indictment, naming 28 defendants. Count 1 of the indictment charged a conspiracy to violate the RICO statute, and Counts 2 and 3 alleged violations of the VICAR statute. In the original Indictment, Rodriguez was named in only Count 1. In the First and Second Superseding Indictments, Rodriguez was also named in the single remaining VICAR count. (Docket Nos. 1146, 1265.)[1]

In early fall 2015, only four of the original defendants remained. The Government made binding Rule 11(c)(1)(C) plea offers to each, including Rodriguez. (Docket No. 1326, Plea Agreement.) However, the Government's acceptance of the offers was contingent on all four defendants accepting the offers, thus avoiding any trial. (Id., ¶2.) The Plea Agreement contemplated the Rodriguez would plead only to the RICO count, and rather predicating the

---

[1] The Government proceeded to trial on the Second Superseding Indictment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Guidelines calculation on a predicate act, she would plead to the unspecified base offense level of 19.  (Id., ¶ 14, citing U.S.S.G. § 2E1.1(a)(1).)  The Guidelines calculation also included a 3-level role reduction.  (Plea Agreement, ¶ 14.)  The parties agreed sentence consisted on 1 day in prison and 12 month in a community confinement facility with a work release program or home detention or a combination of the two.  (Id., ¶ 16.)

The trial commenced on October 29, 2015 and concluded on January 13, 2016 after 35 days of trial.  Rodriguez was found guilty on both counts.  Specifically, on the RICO conspiracy count, the jury found predicate acts of murder, extortion, and narcotics trafficking.  (Docket No. 1503, p. 5.)  On the VICAR conspiracy count, the jury found predicate acts of murder and assault resulting in serious bodily injury.  (Id., p. 9.)

The Guidelines calculation which the Court adopted in light of the jury's findings differed substantially from the Guidelines calculation in the Plea Agreement.  Rather than using the base offense level of 19, the Court used the conspiracy to murder offense level 33 in analyzing both the RICO and VICAR counts.  (Docket No. 1595, p. 2.)  The Court declined to adopt a role reduction after comparing her conduct to the conduct of the other "secretaries" in the case.  (Id., pp. 2-3.)  However, the Court took into account her role in adopting a 3-level Booker variance.  (Id., p. 7.)

II.   Legal Standard.

The grant of bail pending appeal is governed by statute:

b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

(i) reversal,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

      (ii) an order for a new trial,

      (iii) a sentence that does not include a term of imprisonment, or

      (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

(18 U.S.C. § 3143(b); emphasis supplied.) A "substantial question" is one that is fairly debatable. United States v. Handy, 761 F.2d 1279, 1281 (9th Cir. 1985.)

Where the maximum penalty for a crime is life in prison, there are additional considerations. The presumption is that the defendant be detained. 18 U.S.C. § 3143(b)(2), referencing 18 U.S.C. § 3142(f)(1)(B). The presumption can be avoided for exceptional reasons. 18 U.S.C. 3145(c); United States v. Garcia, 340 F.3d 1013, 1015-21 (9th Cir. 2003).

II.      Discussion.

Before considering the statutory elements, the Court addresses Rodriguez' repeated[2] theme that the sentence here–78 months–is grossly unfair in light of the agreed sentence in the Plea Agreement. At the time of the Plea Agreement, there were no jury findings; when the Court sentenced, there were. Moreover, the predicate acts–murder, extortion, drug trafficking, and infliction of serious bodily injury–cannot be cast off as inconsequential, academic offenses, particularly in the gang world. In Category I, the difference between the low end at offense level 19 and level 33 is more than 100 months (30 months vs. 135 months). Rodriguez chose to proceed to trial, and while circumstance beyond her control denied her the benefit of a favorable plea deal, she could always have pled to the Court. It is neither harsh nor vindictive to sentence Rodriguez on the basis of the facts which the jury found.

      A.  Requirements for Bail.

The Court now turns to each of the elements for a grant of bail pending appeal.

First, the Court agrees with Rodriguez, and finds by clear and convincing evidence that she is not likely to flee, and she is not a danger to others or the community. (18 U.S.C. §

---

[2] Rodriguez repeats this point at least 7 times in her filings. (Application, pp. 1-2, 5, 7, 10; Reply, pp. 1, 3, 15.), For example, "The chain of events . . . exacted a 234,000% trial penalty." (Application, p. 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

3143(b)(A).) There were no incidents while she was on pretrial release.

Second, the Court finds that the appeal has not been filed for purposes of delay. (18 U.S.C. § 3143(b)(B).) Wholly apart from the sentence of imprisonment, the appeal raises legitimate issues arising from a long and complicated trial.

Third, assuming that Rodriguez has raised a substantial question, which the Court discusses next, she must establish that one of four appellate results is likely.

• <u>Non-Custodial</u> <u>Sentence.</u> The Court does not believe that there is a likelihood of a non-custodial sentence given the jury's findings with regard to the RICO and VICAR predicate acts.

• <u>Sentence</u> <u>Less</u> <u>Than</u> <u>Time</u> <u>for</u> <u>Appeal.</u> The Court does not believe that the time for appeal will exceed the likely duration Rodriguez' sentence. The Court understands that the median time for disposition of appeals for the Ninth Circuit is approximately 15 months.[3] Even allowing for the complexity of this case, the appeal is likely to be resolved long before the completion of Rodriguez' sentence.

• <u>New</u> <u>Trial</u> <u>and</u> <u>Reversal.</u> These prospects turn on the merits. Rodriguez raises a number of substantive issues.

First, the Court does not believe that the sentence imposed raises a substantial issue for appeal. The Court has explained the basis for its sentencing above. It is clear from its Sentencing Memorandum that the Court understood that it had discretion, and in fact exercised that discretion. (Docket No. 1595, pp. 7, 8.)

Second, the Court does not believe that its exclusion of Rodriguez' sister Teresa Cantu raised a substantial issue. The Court believes that it correctly determined that her proffered testimony with regard to her husband Tommy Rodriguez went to duress, a defense which Rodriguez did not preserve, and not specific intent. <u>See</u> <u>United</u> <u>States</u> <u>v.</u> <u>Vasquez-Landaver</u>, 527 F.3d 798, 802 (9th Cir. 2008) ("a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof"). To the extent, Cantu was to offer character evidence, the Court found that it would create undue sympathy. In any event, other evidence was presented concerning Rodriguez' good deeds, and her good deeds were

---

[3] http://jnet.ao.dcn/sites/default/files/statistics/fcms/2016/december/FCMS_Appeals_Profiles_December_2016.pdf#page=21, last visited May 9, 2017.

argued to the jury.[4]

Third, the Court does not believe that Burrage v. United States, 14 S.Ct. 881, 886-87 (2014), raises a substantial issue with regard to the required motive for violating VICAR.  The "but-for" requirement with regard to the cause of injury under the drug distribution statute, 21 U.S.C. § 841, is inapposite, and has no bearing on the motive requirement under VICAR.  The Court instructed:

> With respect to the fourth element of Count Two, it is not necessary for the government to prove that the required motive was the sole purpose, or even the primary purpose of the defendant in conspiring to commit the charged crime.  You need only find that enhancing the defendant's status in the alleged enterprise was a substantial purpose of the defendant or that the defendant conspired to commit the one or both of the alleged crimes of violence (i.e., murder or assault resulting in serious bodily injury) as an integral aspect of membership in the enterprise.

(Docket No. 1492, Court's Instruction No. 48.) As an aside, the instruction which the Court gave was a joint instruction, and thus any error was invited.  United States v. Perez, 116 F.3d 840, 845 (9th Cir. 1997) (en banc); Docket No. 1319, Defendants' Proposed Jury Instructions Nos. 62(B).  In any event, the Court's instruction followed United States v. Banks, 514 F.3d 959, 964-67, 969 (9th Cir. 2008), which continues to be good law following Burrage.  United States v. Smith, 831 F.3d 1207, 1218 (2016).

Fourth, the Court does not believe that its instructions with regard to the required knowledge of the RICO conspiracy raises a substantial question.  Here, as well, the Court's instructions were based largely on joint or defense instructions.  (Docket No. 1319, pp. 59-125.)   Court's Instructions 27, 29, and 32 adequately and correctly informed the jury of the requisite knowledge.  (Docket 1492, pp. 32-33, 35, 39-40.)  The Court does

---

[4]Rodriguez' counsel told the jury in closing argument:

She was a concerned mother for Freddie, her son.  We heard that at some point during Freddie's younger years, she was the team mom.  We heard that from Oscar Moriel.

She was a caring friend.  She was a caretaker. Not only did she take in Eddie Ojeda, but she also took in  Mr Rodriguez's mother when she was dying and on hospice.  We also heard from Mr. Moriel that she was always going to  church.  She was really into church because she's a   churchgoer.  That's the type of person Suzie is.

I believe Glenn Navarro even said she was an  upstanding citizen.

(Tr. Jan. 8, 2016, p. 65.)

not believe that the more specific language in <u>United States v. Fernandez</u>, 388 F.3d 1199, 1230 (9th Cir. 2004), was required.[5]  Moreover, the Court's instructions were consistent with the Ninth Circuit's model instructions.  (Ninth Circuit Model Instructions 8.20, 8.23.)

The Court does not believe that Rodriguez has established a substantial question which would trigger any of the four bases for granting bail.

      B.  <u>Exceptional Reasons.</u>

Rodriguez argues that that mandatory detention requirements do not apply, and that in any event, she has established exceptional reasons.

Rodriguez looks to California law to assert that threatening murder of attempted murder are not punishable by a term of life.  (Application, pp. 19-20.)  However, under federal law a conspiracy to murder–the charge here–is punishable "by imprisonment for any term of years or for life."  (18 U.S.C. § 1117.)  <u>United States v. Fowles</u>, 337 Fed. Appx. 610 (9th Cir. 2009), is inapposite in that it did not deal with a conspiracy to murder.  However, even under California law, a conspiracy to murder is punishable just as the crime of murder itself.  (Cal. Penal Code § 182 ("When they conspire to commit any other felony, they shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony.")  Murder is punishable by life in prison under California law.  (Cal. Penal Code § 190(a).)  Thus, 18 U.S.C. § 3143(b)(2) is applicable under 18 U.S.C. § 3141(f)(1)(B).

The Government points out that the result would be same under 18 U.S.C. § 3142(f)(1)(A) because both RICO and VICAR carry sentences of more than ten years and are crime of violence.  (Opposition, pp. 3-4.)   The Court agrees.

Turning to the question whether circumstances here are exceptional, the Court finds that they are not.  To be sure, <u>Garcia</u> notes that the range of relevant factors is wide.  <u>Garcia</u>, 340 F.3d at 1018.  Indeed, the Ninth Circuit "place[s] no limit on the range of matters the district court may consider. Rather, the court should examine the <u>totality of the circumstances</u> and, on the basis of that examination, determine whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released pending appeal) it would be unreasonable to incarcerate the defendant

---

[5]Moreover, as the Government points out (Opposition, p. 18), <u>Fernandez</u> was not dealing the with the court's instructions in that case.

prior to the appellate court's resolution of his appeal." (Id. at 1018-19; emphasis supplied.)

None of the illustrations in Garcia points to exceptional reasons here. The Court cannot say given the extent and duration Rodriguez' participation in the affairs of the Orange County Mexican Mafia that her participation in the conspiracy was aberrant, even though she has no prior criminal history. (See id. at 1019.) The length of the sentence which the Court has imposed is not so short as to counsel a release pending appeal. (Id.) Rodriguez is not suffering from medical or other hardships. (Id. at 1019-20.) The Court cannot say that there is an "unusually strong chance . . . [for] reversal." (Id. at 1020.) Nor is this a case where the defendant provided "a substantial societal benefit" through cooperation. (Id. at 1020.)

The circumstances of the failed plea offer do not contribute to a finding of exceptional reasons. (See Application, p. 22-23.) She in fact received a reduction for accepting responsibility,[6] and in any event Rodriguez could have pled to the Court knowing what the Government's pretrial recommendation had been even if it were no longer bound by it.

The Court acknowledges as it did at sentencing that Rodriguez has done many good works, and had a substantial employment history. (Docket No. 1595, p. 7.) But when the Court considers the seriousness of the crime, particularly passing notes to facilitate murder and other crimes of serious violence, the Court cannot say that the totality of circumstances provide exceptional reasons to depart from the presumption of detention.

III.     Conclusion.

For all the foregoing reasons, the Application is denied.

|  | 00 | : | 00 |
| --- | --- | --- | --- |
| Initials of Deputy Clerk | kjt | | |

---

[6] Unlike United States v. Johnson, 956 F.2d 894, 905 (9th Cir. 1992), where the failed plea arrangement denied the defendant the benefits of a reduction for accepting responsibility, the Court in fact adopted a 2-level reduction for Rodriguez post-verdict acceptance of responsibility. (Docket No. 1595, p. 3.)